IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AILEAF ASHFORD, | Civil No. 3:23-CV-794 |
| Plaintiff, | |
| | (Judge Munley) |
| v. | |
| | (Magistrate Judge Bloom) |
| CORRECTIONAL ACTIVITIES SUPERVISOR CRULL, et al., | |
| Defendants. | |

MEMORANDUM ORDER

I. Introduction

This case comes before us for consideration of a motion to amend the complaint filed by the *pro se* prisoner-plaintiff, Aileaf Ashford. (Doc. 43). Ashford filed this civil rights action against multiple correctional and medical defendants at the State Correctional Institution at Huntingdon on May 15, 2023. (Doc. 1). His complaint alleges claims of Eighth Amendment violations pursuant to 42 U.S.C. § 1983, medical malpractice, medical neglect, and negligence arising out of events that occurred in May of 2021 after Ashford allegedly injured his back at the institution while lifting weights. (*Id.*). In his complaint, Ashford named, among others, a John Doe defendant, who he identified as a physical

therapist at SCI Huntingdon, and a Jane Doe defendant who he identified as medical personnel at Huntingdon. (*Id.*).

Now, a year after filing his initial complaint, and roughly three years since the events giving rise to Ashford's claims occurred, Ashford moves to amend his complaint to identify these John and Jane Doe defendants, as well as add additional claims and defendants. (Doc. 43). Specifically, Ashford seeks to identify the John Doe defendant as "Louis" and the Jane Doe defendant as "Jackie"; to substitute an individual he identifies as "McCloskey" for Defendant McCorsick; to add the Pennsylvania Department of Corrections ("DOC") and Wellpath as defendants; and to assert claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). (Doc. 43 at 1-2).

After consideration, we will deny Ashford's motion to amend his complaint.

## II. Discussion

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend

2

should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if the complaint, as amended, fails to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Here, we conclude that the proposed amended complaint is futile because Ashford's claims are barred by the statute of limitations. The statute of limitations for § 1983 claims mirror the state's statute of limitations for personal injury claims. *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). In Pennsylvania, this limitations period is two years from the date the cause of action accrued. *See* 42 Pa. Cons. Stat. § 5524. A cause of action accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This two-year limitations

3

period also applies to claims asserted under the ADA and the RA. *Frazier v. Pennsylvania State Univ.*, 603 F. Supp. 3d 158, 1466 (M.D. Pa. 2022).

In this case, the events giving rise to Ashford's claims occurred on or about May 14, 2021. Accordingly, to comply with the statute of limitations, Ashford would have had to file his claims on or about May 14, 2023. Now, nearly a full year after the statute of limitations has expired, Ashford seeks to add the DOC and Wellpath as defendants, as well as claims under the ADA and the RA. Ashford asserts no justification for failing to name these defendants or assert these claims in his initial complaint. Thus, any claims under the ADA and the RA, as well as any claims against the DOC and Wellpath, are barred by the statute of limitations.

In addition, Ashford seeks to substitute two individuals for the John and Jane Doe defendants, as well as an individual named "McCloskey" for the defendant originally identified as McCorsick. Rule 15(c) of the Federal Rules of Civil Procedure permits an otherwise untimely amendment of a complaint to change the name of a party if: "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth

4

in the original pleading," and

> [T]he party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15 (c).

Here, Ashford provides no last names for "Louis" and "Jackie" and no first name for "McCloskey." There is no indication that any of these parties, if they can even be identified, had or should have had notice of the institution of this action such that they would not be prejudiced in defending against it. Thus, "[a]bsent a showing of actual, informal or constructive notice, we cannot conclude that the newly named part[ies] would not be prejudiced by allowing the proposed amendment." *Anderson v. City of Phila.*, 65 F. App'x 800, 803 (3d Cir. 2003) (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 n.3 (3d Cir. 2001)). Accordingly, we will deny Ashford's motion to substitute these defendants.

III. <u>Order</u>

Accordingly, for the foregoing reasons, the plaintiff's motion to amend his complaint (Doc. 43) is DENIED. Ashford is directed to respond

5

to the pending motions to dismiss (Docs. 32, 34), as well as file any certificate of merit in accordance with Pa. R. Civ. P. 1042.7, **on or before June 3, 2024.** No further extensions of time will be granted, absent compelling circumstances.

So ordered this 13th day of May 2024.

*S/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge
