IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AILEAF ASHFORD,<br>        Plaintiff<br><br>v.<br><br>CORRECTIONAL ACTIVITIES<br>SUPERVISOR CRULL, et al.<br>        Defendants | No. 3:23cv794<br><br>(Judge Munley)<br><br>(Magistrate Judge Bloom) |

## ORDER

Presently before the court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom in this action filed by Plaintiff Aileaf Ashford relative to injuries allegedly sustained by the *pro se* plaintiff while incarcerated at State Correctional Institution – Huntington ("SCI-Huntington"). (Doc. 49). Magistrate Judge Bloom recommends that a motion to dismiss filed by Defendants Brown and Gabby ("Medical Defendants") be granted and that a motion to dismiss filed by Defendants McCorsick, Davis, Crull, Butler, Thompson, Goss (referred to Boss on the docket) and Price ("Correctional Defendants") be granted in part and denied in part. No objections to the R&R have been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory

Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court thus finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court shall accept the R&R and adopt it in its entirety. It is thus hereby **ORDERED** as follows:

1) The R&R (Doc. 49) is **ADOPTED** in its entirety;

2) The Medical Defendants' motion to dismiss (Doc. 32) is **GRANTED**;

3) The Correctional Defendants' motion to dismiss (Doc. 34) is **GRANTED** in part and **DENIED** in part, as follows:

   a. The motion is **GRANTED** as to plaintiff's Eighth Amendment conditions of confinement claim against Defendant Crull regarding the weightlifting equipment;

   b. The motion is **GRANTED** as to plaintiff's Eighth Amendment conditions of confinement claim against Defendants Butler and McCorsick regarding their alleged failure to provide Plaintiff with bottom tier/bottom bunk status;

    c. The motion is **GRANTED** as to plaintiff's Eighth Amendment conditions of confinement claim against Defendants Price and Davis regarding the lack of an infirmary;

    d. The motion is **GRANTED** as to plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Davis, Price, and McCorsick;

    e. The motion is **DENIED** as to plaintiff's Eighth Amendment conditions of confinement claim against Defendants Davis, Price, and Goss regarding Plaintiff's housing assignment and need for showers; and

    f. The motion is **DENIED** as to plaintiff's Pennsylvania ordinary negligence claim against Defendant Crull regarding the weightlifting machine;

4) Plaintiff's Eighth Amendment conditions of confinement claim against Defendant Thompson regarding Plaintiff's need for showers is **DISMISSED**;

5) Plaintiff's complaint shall proceed on the following claims: (1) his Eighth Amendment conditions of confinement claim under Section 1983 against Defendants Davis, Price, and Goss regarding Plaintiff's housing assignment and need for showers; and (2) his Pennsylvania ordinary

negligence claim under Pennsylvania law against Defendant Crull regarding the weightlifting equipment;

6) The Clerk of Court is directed to terminate the following defendants from the Court's docket: John Doe; Jane Doe; Brown; Gabby; McCorsick; Butler; and Thompson; and

7) The Clerk of Court is also directed to remand this matter for further proceedings.

Date: 8/28/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court