UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AILEAF ASHFORD, | : | NO. 3:23-CV-00794 |
| Plaintiff, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| CORRECTIONAL ACTIVITIES | : | |
| SUPERVISOR CRULL, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

"For better or worse, prisoners aren't constitutionally entitled to their preferred treatment plan or to medical care that is great, or even very good." *DiFraia v. Ransom*, 171 F.4th 622, 629. (3d Cir. 2026). In this case, Plaintiff Aileaf Ashford, a prisoner, sued the Defendants, various correctional officers and prison medical staff, following a lower back injury he allegedly sustained while using prison gym equipment. Ashford claims that the Defendants failed to provide him with necessary medical care for his injury in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Pending before the Court is the Defendants' motion for summary judgment. Doc. 69. The undersigned recommends that the Court grant the Defendants' motion for summary judgment because (1) Ashford failed

Page 1 of 18

to exhaust his administrative remedies as to his Eighth Amendment claim, and (2) Ashford has failed to produce sufficient evidence to support his claims. The record shows, at most, that Ashford was subject to uncomfortable prison conditions, but frequently received medical treatment.

## I.     BACKGROUND

The relevant facts are undisputed. *See* Defs.' Statement of Material Facts, doc. 71; Pl.'s Statement in Opposition, doc. 78-1.[1]

---

[1] The Plaintiff fails to properly dispute any of the Defendants' statements of material facts. *Compare* doc. 71 (stating 126 paragraphs) *with* doc. 78-1 (responding to only the first sixty-four paragraphs, most of which are Ashford's own allegations from the Complaint). The first sixty-four paragraphs of responses are either undisputed, admitted in part, or disputed without explanation or citation to evidence. Therefore, the Defendants' statement of material facts are deemed admitted for the purpose of summary judgment. M.D. Pa. L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."); Fed. R. Civ. P. 56(e)(2) ("If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion"); *Beard v. Helman*, 722 F. Supp. 3d 521, 527-28 (M.D. Pa. 2024) ("Where nonmovants fail to support denials with record citations, a common sanction is to deem these allegations admitted.").

### A.    Factual Background

In 2021, while incarcerated at SCI-Huntingdon, Ashford alleges he injured his back while using a rowing machine when its cord broke. *See* doc. 71 ¶¶ 2-4. The relevant facts stem from Ashford's attempts to hold responsible: (1) the prison's activities department staff for failing to maintain the rowing machine that caused his injury; and (2) the medical department staff members who failed to provide his desired accommodations after the injury. *See id.* ¶ 54 (noting two grievances: (1) No. 929914; and (2) No. 930852).

#### 1.    *Grievance No. 929914—the activities department*

Under his first grievance, Ashford sought to hold responsible the prison's "activities department staff, and/or all other parties" for the "negligence and failure to protect . . . and . . . the faulty weight equipment and the upkeep of said equipment." *See id.* ¶ 65.

#### 2.    *Grievance No. 930852—the medical department*

In his next grievance, Ashford named, among others, unit manager Goss, nurse Davis, and correctional health care administrator Price, for "their failure to address and accommodate inmate's injuries accordingly." Doc. 71-5 at 9; *see* Doc. 71 ¶ 68. Ashford further alleged that Goss told

Page 3 of 18

him that "he needed medical approval . . . to use the handicapped shower," and that a prison staff member directed him to write to Price. *See* doc. 71 ¶ 69. He did not allege any facts against Davis.

### 3. *Medical treatment and accommodation denials*

After Ashford's accident, the prison's medical department treated him immediately. *Id.* ¶ 5. But, he says, his symptoms worsened, and the pain from the injury persisted. *See id.* ¶¶ 6, 51. For two years, Ashford visited the medical department nearly every month. *See id.* ¶¶ 75, 77, 81, 84-85, 88, 90-92, 95, 97, 100, 104, 109, 111, 114, 116, 120. Beginning with his third visit, Ashford requested various accommodations including medical showers (because the walk to the regular showers was too far), a double mattress, transfer to a single cell, and a transfer to a  bottom bunk and bottom tier assignment. *See id.* ¶¶ 81-82, 88, 93, 97, 101, 105, 111, 117, 120.

The medical department denied each of these requests because they were not medically indicated as Ashford improved with movement and could walk and jump during the medical exams without difficulty. *See id.* ¶¶ 83, 89, 93, 98, 102-03, 106-07, 112, 118, 119, 121. Meanwhile, the medical department consistently afforded Ashford medical care. That

care provided Ashford with pain medication, muscle relaxers, a diagnosis for his lower back injury, warm compresses, an x-ray, physical therapy, and nonsteroidal anti-inflammatory drugs. *Id.* ¶¶ 75, 77, 79, 84, 87, 89, 90, 95-96, 99, 113-14, 122.

## B.    Procedural History

On May 15, 2023, Ashford lodged a complaint, proceeding *pro se*, and moved to proceed *in forma pauperis* which the Court granted. *See* docs. 1-2, 11. The Court deemed the Complaint filed against eleven defendants comprising various corrections officers and prison medical personnel. Doc. 11. Following the Defendants' motion to dismiss (doc. 32), the Court granted the motion in part and denied in part, leaving two claims against four Defendants. *See* August 28, 2024, Order, doc. 50 at 3-4 (permitting Eighth Amendment conditions of confinement claim under 42 U.S.C. § 1983 against Defendants Goss, Davis, and Price; and a negligence claim under Pennsylvania law against Defendant Crull). On November 10, 2025, Defendants Davis, Price, Goss, and Crull moved for summary judgment. Doc. 69. The parties filed their briefs, and the motion is ripe for disposition. Doc. 70, 78.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it can "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006), citing *Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248.

The moving party bears the burden of showing that no genuine dispute exists such that summary judgment is warranted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004), citing *Anderson*, 477 U.S. at 255. Rather, "[a]ll facts and inferences are construed in the light most favorable to the non-moving party." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). Credibility determinations are "the province of the factfinder." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The court's role, at the summary judgment stage, is "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. There can be "no genuine issue as to any material fact," however, if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.  ANALYSIS

On motion for summary judgment, the Defendants argue that Ashford has failed: (1) to properly exhaust his administrative remedies; and (2) to establish *prima facie* Eighth Amendment or negligence claims. Defs.' Br., doc. 70 at 12. They additionally argue that the Court should

decline supplemental jurisdiction over the negligence claim if it grants summary judgment on the Eighth Amendment claim. *See id.* at 34.

The undersigned respectfully recommends that the Court grant the Defendants' motion for summary judgment because Ashford failed to exhaust his Eighth Amendment claim and has failed to establish a prima facie claim. The undersigned begins with the threshold exhaustion issue before addressing the merits of Ashford's claims. *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013) (citation modified) ("Exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.").

### A.    Exhaustion

The Defendants argue that Ashford failed to exhaust because he did not name Crull in grievance No. 929914 and failed to allege facts which could assist in the identification of an activities staff member as the party responsible. Doc. 70 at 17. They further contend that claims against Davis, Price, and Goss were not exhausted because Ashford failed to allege facts in grievance No. 930852 specifying the Defendants' alleged deliberate indifference to his serious medical needs. *Id.* at 17-18. The

Defendants are correct as to Davis, Price, and Goss, but incorrect as to Crull.

### 1.    *Ashford did not fail to exhaust as to Crull*

The PLRA requires proper exhaustion, meaning "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020), quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). These procedural rules are supplied by the individual prisons. *Id.*, citing *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Although the PLRA requires exhaustion of any action brought under § 1983, or any other Federal law, 42 U.S.C. § 1997e(a), Pennsylvania's PLRA "does not contain an exhaustion requirement comparable to that in . . . the federal PLRA." *See Paluch v. Palakovich*, 84 A.3d 1109, 1113  (Pa. Commw. Ct. 2014).

Here, the only remaining claim against Crull is a negligence claim under Pennsylvania law. *See* doc. 50 at 3-4. Although the Court of Appeals for the Third Circuit has not addressed whether federal PLRA exhaustion applies to a prisoner's state-law claims, *see Spencer v. Bush*,

543 F. App'x 209, 213 (3d Cir. 2013) (declining to "decide whether state law claims must be exhausted under the PLRA"), courts in this district have concluded that the PLRA's exhaustion requirement does not apply to a prisoner-plaintiff's state-law claims. *See Gorrio v. Briggs*, No. 23-1697, 2025 WL 2177826, at *9 (M.D. Pa. July 31, 2025) (collecting cases). Indeed, the Pennsylvania PLRA "does not contain an exhaustion requirement comparable to that in . . . the federal PLRA." *Paluch*, 84 A.3d at 1113. The undersigned, thus, finds that Ashford was not required to exhaust his negligence claim against Crull under Pennsylvania law.[2]

> **2.** *Ashford failed to exhaust as to Davis, Price, and Goss*

Ashford argues in his opposition brief that grievance No. 930852 provided greater details than is necessary for the purposes of exhaustion

---

[2] Even assuming Ashford had to exhaust his Pennsylvania negligence claim against Crull, Ashford appears to have exhausted this claim. As Defendants acknowledge, Ashford asserted in grievance No. 929914 that the negligence and failure to protect by activities department staff related to the upkeep of the faulty rowing machine that caused his injuries. *See* doc. 70 at 17. Those same facts form Ashford's negligence claim against Crull. And although Ashford failed to specifically identify Crull as the party responsible, he was not required to do so under the PLRA. *See Williams v. Beard*, 482 F.3d 637, 640 (3d Cir. 2007), quoting Jones, 549 U.S. at 219 ("[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.").

with respect to Davis, Price, and Goss's failure to address and accommodate Ashford's injuries and medical needs. *See* Pl.'s Br., doc. 78 at 4. Not so.

Pennsylvania prisons' requirements for inmate grievances are governed under DC-ADM 804. *See Spruill v. Gills*, 372 F.3d 218, 232 (3d Cir. 2004). The prison requires, among other things, that the grievance include "a statement of the facts relevant to the claim." *Id.* at 234. Here, Ashford failed to exhaust as to Davis, Price, and Goss because grievance No. 930852 does not specify any facts relevant to Ashford's Eighth Amendment claim against Davis, Price, and Goss. *See* doc. 71-5 at 9. The grievance is devoid of facts as to Davis. As to Goss, it only states that Goss told Ashford that he needed medical approval to use the handicapped shower. *Id.* at 10. And the only allegation against Price is that another prison employee "directed inmate to write Ms. Price (CHCA)." *Id.*

Because Ashford failed to identify "facts relevant to the claim," against Davis, Price, and Goss, the undersigned recommends that the Court grant summary judgment as to the Eighth Amendment claim

against Davis, Price, and Goss for failure to exhaust. *See Spruill*, 372 F.3d at 234.

## B.    Eighth Amendment—Conditions of Confinement

Even if Ashford had exhausted his Eighth Amendment claim, Ashford's claim fails on its merits.

The Defendants argue that Ashford's Eighth Amendment claim fails because: (1) Ashford's claim boils down to "little more than concern over the adequacy of treatment"; and (2) Ashford cannot establish that the "Defendants had actual knowledge of the existence of Plaintiff's serious medical need." Doc. 70 at 22, 29.

Ashford responds that because he was required to receive a certain course of treatment for his back injury, applying heat for twenty minutes a day, the Defendants were deliberately indifferent by refusing to allow his use of medical showers which would have satisfied that requirement. Doc. 78 at 5-7.[3] The undersigned finds that Ashford has failed to establish an Eighth Amendment claim as a matter of law.

---

[3] Ashford also refers at length to knee injuries that he claims Defendants Price and Davis were aware of and ignored, denying his request for bottom bunk assignments. *See* Pl.'s Br., doc. 78 at 7. The record, however, does not support Ashford's claim. *See* doc. 71 ¶ 121 (explaining that nurse Kinkaid, in September 2022, noted no abnormalities of back or knee upon

The Eighth Amendment bars "cruel and unusual punishments." *DiFraia v. Ransom*, 171 F.4th 622, 627 (3d Cir. 2026). Prison conditions do not violate the Eighth Amendment unless officials have "acted with *deliberate* indifference to the inmates' health or safety." *Id.* (emphasis in original), quoting *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Because the Eighth Amendment's mental standard is subjective and limited to "deliberate" actions, mere negligence, even gross negligence, is not enough. *See id.* at 629.

A prison official is deliberately indifferent if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Parkell v. Danberg*, 833 F.3d 313, 355 (3d Cir. 2016) (citation omitted). The plaintiff must show that the officials were "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and that they also drew the inference." *Id.*, citing *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3d Cir. 2010). As relevant here, for claims of inadequate medical care, the Court presumes the treatment proper and require

---

examination). Additionally, Ashford confusingly admits that in 2024, when medical evidence showed that he had knee injuries, he received bottom bunk designation. *See* doc. 78 at 7.

allegations "that it violates professional standards of care" in some extreme way. *DiFraia*, 171 F.4th at 629, citing *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).

Here, Ashford has failed to come forward with evidence from which it can be inferred that Davis, Goss, or Price knowingly and unreasonably disregarded a substantial risk of serious harm. For one, Ashford does not even allege that the Defendants treated him or declined his desired accommodation for his back injury. *See* doc. 71 ¶¶ 75, 77, 81, 84-85, 88, 90-92, 95, 97, 100, 104, 109, 111, 114, 116, 120. Ashford also fails to provide any evidence that the Defendants were actually aware of the seriousness of Ashford's back injury and its need for a particular accommodation. That lack of evidence of awareness alone suffices to defeat Ashford's Eighth Amendment claim. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 137 (3d Cir. 2001) ("The deliberate indifference standard as set out in *Farmer* is a high one, however—requiring actual knowledge or awareness on the part of the defendant"); *DiFraia*, 171 F.4th at 628-29 ("If the official is not even conscious of the facts or the risk, his neglect cannot amount to punishment.").

Importantly, even assuming *arguendo* that the Defendants appreciated a serious medical need for the accommodation that Ashford requested, the Defendants were not deliberately indifferent by failing to provide Ashford with his preferred course of medical treatment.

Throughout Ashford's frequent visits to the medical department, he either received or was offered pain medication, muscle relaxers, diagnosis for his lower back injury, warm compresses, an x-ray, physical therapy, and nonsteroidal anti-inflammatory drugs. Doc. 71 ¶¶ 75, 77, 79, 84, 87, 89, 90, 95-96, 99, 113-14, 122. Given such extensive medical treatment, Ashford's deliberate indifference claim is based not on "a complete denial of medical care" but "inadequate medical treatment." *See DiFraia*, 171 F.4th at 629, citing *Pearson*, 850 F.3d at 535.

For claims of inadequate medical care, the Court presumes the treatment proper and requires a showing "'that it violates professional standards of care' in some extreme way." *Id.* Ashford presents no evidence that the denial of his preferred course of treatment violated any professional standards of care. He presents no evidence that the medical treatment he received was inadequate, let alone negligent, which fails to rise to the level of cruel and unusual. *See White v. Napoleon*, 897 F.2d

103, 108 (3d Cir. 1990), citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Mere medical malpractice cannot give rise to a violation of the Eighth Amendment."); *Johnson v. Cash*, 557 F. App'x 102, 104 (3d Cir. 2013) ("To the extent that [the Plaintiff] believes he should have received a different course of treatment, his claim fails as a matter of law.").[4]

### C.   Pennsylvania Negligence Claim

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction." *See Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2013), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that when federal claims are dismissed before trial, federal courts should not separately entertain pendent state claims).

---

[4] Summary judgment is independently warranted as to Defendant Goss because he is a non-medical prison official who allegedly failed to respond to Ashford's medical complaints while Ashford was already being treated by the prison medical department. *See Spruill v. Gills*, 372 F.3d 218, 236 (3d Cir. 2004) (citation modified) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official like [Goss] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

Because Ashford's sole federal claim against Davis, Price, and Goss fails, both on its merits and for failure to exhaust, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Ashford's Pennsylvania negligence claim and dismiss it without prejudice. *See Byrd*, 715 F.3d at 128 ("Because we will affirm the District Court's order granting summary judgment, . . . we will also affirm the District Court's decision to decline supplemental jurisdiction over [the plaintiff's] state law negligence claims."); *Bruton v. Paesani*, 162 F. App'x 151, 154 (3d Cir. 2006) ("Once the District Court granted summary judgment on [the plaintiff's] two federal claims, it was not required to adjudicate his claims under state law."); *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (finding that a district court may *sua sponte* decline to exercise supplemental jurisdiction).

## IV.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1)     The Defendants' motion for summary judgment (Doc. 69) be **GRANTED** as to the Plaintiff's Eighth Amendment conditions of confinement claim under Section 1983;

(2)     The Plaintiff's state law negligence claim be dismissed without prejudice; and

(3)     The Clerk of Court be directed to **CLOSE** this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: June 30, 2026                          s/ *Sean A. Camoni*
                                             Sean A. Camoni
                                             United States Magistrate Judge